IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JORGE L. NIEBLA,
        Plaintiff,

vs.                                       5:08cv109/RS/MD

STATE OF FLORIDA, et al.
        Defendants.

## **REPORT AND RECOMMENDATION**

       This cause is before the court upon referral from the clerk. Plaintiff initiated this cause through the filing of a pleading entitled "emergency petition" on April 17, 2008. On April 21, 2008, this court entered an order directing plaintiff to either the full $350.00 filing fee or a complete motion to proceed *in forma pauperis* within thirty days.[1] (Doc. 4). When plaintiff did not respond, the court entered an order to show cause why this case should not be dismissed for plaintiff's failure to prosecute and comply with an order of the court. (Doc. 7). Plaintiff has failed to respond to this order.

       Accordingly, it is respectfully RECOMMENDED:

       That this case be dismissed without prejudice for plaintiff's failure to comply with an order of the court and failure to prosecute this action.

       At Pensacola, Florida, this 16th day of June, 2008.

                                      /s/ *Miles Davis*
                                      **MILES DAVIS**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[1] Local Rule 5.1(H) provides that a civil action shall not be filed by the clerk until the fee is paid or the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis.* The court also notes that the plaintiff is a "three-striker" who is prohibited from proceeding *in forma pauperis* in any action unless he alleges that he is in imminent danger of serious bodily injury.

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**